1694

SOUTHERN NATIONAL LEASING CORPORATION, Respondent v. Jack E. HALL, d/b/a American Medical Services Corporation, Appellant.

(410 S.E. (2d) 577)

Court of Appeals

*J. Kevin Holmes,* of *Steinberg, Spitz, Goldberg, Pearlman, Holmes, White & O'Neill,* Charleston, *for appellant.*

*R. Todd Sherpy,* of *Turner, Padget, Graham & Laney,* Columbia, and *Ann Briks Walsh,* Charleston, *for respondent.*

Heard Aug. 27, 1991; Decided Sept. 23, 1991.

Rehearing Denied Nov. 13, 1991.

CURETON, Judge:

This case involves the lease of an automobile. Southern National Leasing Corporation leased a Mercedes-Benz to Jack Hall d/b/a American Medical Services Corporation. During the lease period, Hall ceased making rental payments and Southern National sued for breach of the contract. Hall denied the allegations of the complaint and counterclaimed. He alleged Southern National failed to disclose the car was a "gray market" automobile which was worth less than the represented value. In his counterclaim Hall sought to assert a cause of action under Chapter 15 of Title 56. This chapter deals with the regulation of motor vehicle manufacturers, distributors, and dealers. At trial, the circuit court judge directed a verdict against Hall on his counterclaim and entered judgment in favor of Southern National. Hall appeals the trial court's grant of the directed verdict against him. We reverse and remand.

The trial court held the agreement between Southern

National and Hall was not covered under the terms of *S.C. Code Ann.* Section 56-15-10(1) (Rev. 1991). The code section defines the term "sale." The trial court held the agreement between Southern National and Hall was, as the court termed it, a "true lease" as opposed to a sale because the ownership rights to the automobile remained in Southern National and the agreement did not give Hall an option to purchase the vehicle at the end of the lease. The court reasoned that since the word "lease" was not in the statutory definition of "sale" the agreement between Southern National and Hall was not covered.

Hall asserts error in the trial court's ruling on two grounds. First, he contends parol evidence given at trial demonstrated he had an option to purchase the car at the end of the lease term and the transaction would therefore constitute a sale. Second, he contends that even if he did not have an option to purchase, the statutory definition of "sale" would cover the arrangement he had with Southern National and bring it within the confines of the statutory scheme.

It is not necessary for this court to address the option to purchase issue because we find a lease is a covered transaction under Chapter 15 of Title 56.

Hall contended that even if he did not have an option to purchase the car at the end of the lease the contractual agreement with Southern National was covered under the statutory scheme because a lease is a "transfer of . . . any motor vehicle or interest therein" under *S.C. Code Ann.* Section 56-15-10(1) (Rev. 1991). Hall asserted that because a lease was covered under the Act and Southern National made misrepresentations about the car, the contract was void under Section 56-15-130. He wanted to "void the contract and be put in the position it [sic] would have been in had this not occurred which includes voiding the contract out, and . . . a refund of all amounts paid less reasonable use, plus attorney's fees."

Although Section 56-15-10(1) does not contain the term "lease" the definition of "sale" is expressed in broad terms. The definition includes the word "transfer" and provides for a transfer of an interest in a motor vehicle. We also note Section 56-15-20 provides that the chapter applies to any person who "has business dealings with respect to a motor vehicle within this State. . . ." Additionally, Section 56-15-40(5) refers to the

"sale, rental or leasing" of a motor vehicle. That section establishes an Office of Administrator within the Attorney General's office to regulate the chapter and to deal with abuses under the chapter relating to a "sale, rental or leasing" of a motor vehicle. The section further provides the power of the Office of Administrator shall only apply "after reasonable attempts by the consumer have been made with the seller, dealer, manufacturer or lessor of the motor vehicle to alleviate the complaint." It stands to reason that if the Legislature imposed a requirement on a consumer to try to resolve his complaint with a lessor under that statute then leases are covered under the chapter. By reading Sections 56-15-20 and 56-15-40(5) in conjunction with the broad definition of "sale" in Section 56-15-10(1) we hold a lease is covered by the chapter and the trial court erred in ruling to the contrary.

The decision of the trial court is reversed and the matter is remanded to the trial court for a new trial.

Reversed and remanded.

SANDERS, C.J., and GARDNER, J., concur.